UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-CV-20420 HUCK/O'SULLIVAN

GERALD P. KELLY, KEITH TORTORICH, DARYL W.
EDWARDS, JOHANNA SALEM, ANDREW ANATALA, JOSHUA
SMITH, AMOS MONTANEZ, ROGER ARGUEDAS,
CHANDELLE YARMEY, LARRY MATTINGLY, JOHN IMBRES,
FREDERICK REYES, SEAN PRIESTLEY, DERRICK SAMUS,
RICARDO de PARAMO, LUCAS FERNANDEZ, PIERRE VIDAL,
DILLON P. WEERAMAN, MARCOS CHANTRES, MARCELO
LEUS, MICHAEL B. RHINE, JASON WEIPERT, LORI EDISIS,
DEREK ALI, FRANK CULLER and ALEC SMITH on behalf of
themselves, and all other similarly situated,

    Plaintiffs,
vs.

PHILIPPE MIAMI, LLC, a Florida Limited Liability Corp.,

    Defendant.
_____/

## SECOND AMENDED COMPLAINT

GERALD P. KELLY, KEITH TORTORICH, DARYL W. EDWARDS, JOHANNA SALEM, ANDREW ANATALA, JOSHUA SMITH, AMOS MONTANEZ, ROGER ARGUEDAS, CHANDELLE YARMEY, LARRY MATTINGLY, JOHN IMBRES, FREDERICK REYES, SEAN PRIESTLEY, DERRICK SAMUS, RICARDO de PARAMO, LUCAS FERNANDEZ, PIERRE VIDAL, DILLON P. WEERAMAN, MARCOS CHANTRES, MARCELO LEUS, MICHAEL B. RHINE, JASON WEIPERT, LORI EDISIS, DEREK ALI, FRANK CUELLAR and ALEC SMITH ("Plaintiffs"), on behalf of themselves and all other similarly situated, sue PHILIPPE MIAMI, LLC, a Florida Limited Liability Corp ("Defendant").

## INTRODUCTION, JURISDICTION & VENUE

1. This is a civil action by Plaintiffs, on behalf of themselves and all other similarity situated employees or former employees to them, to recover from the Defendant, unpaid minimum-wage compensation, unpaid overtime compensation, liquidated damages, treble damages, costs, attorney fees, and other relief arising from Defendant's violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*, and other state claims.

2. The Court has jurisdiction pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337.

3. Defendant is an enterprise engaged in interstate commerce or in the production of goods for interstate commerce.

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. 1391(b) because a substantial portion of the events giving rise to this action occurred in Miami-Dade County Florida.

## PARTIES

5. Plaintiffs were at all times material to this complaint hourly "employees" of Defendant as defined by the FLSA and who worked as servers, bussers, food runners, bartenders, and other hourly workers and were employed in Miami-Dade County Florida.

6. All other similarly situated persons not yet named were at all time material to this complaint "employees" of Defendant as defined by the FLSA and employed in Miami-Dade County, Florida.

7. Defendant was at all times material to this complaint the "employer" of Plaintiffs and all other similarly situated persons as defined by the FLSA.

8. Philippe Miami, LLC is a Florida Limited Liability Corporation located at 2305 Collins Ave, Miami Beach Florida 33139.

9. Upon reasonable belief, Philippe Miami, LLC owns the restaurant Philippe ("Restaurant") located at 2305 Collins Ave, Miami Beach Florida, 33139 where "employees" were employed by "employer" at all time material to this suit.

## GENERAL ALLEGATIONS

10. At all times material to this Complaint, the Defendant engaged in related activities performed through unified operation or common control for a common business purpose, which constituted an enterprise engaged in commerce within the meaning of the FLSA.

11. The Plaintiffs, and all other persons similarly situated to them, were/are at all time material to this Complaint employed by the Defendant in the aforesaid enterprise, and were/are "employees" within the meaning of the FLSA and employed in Miami-Dade County, Florida.

12. Upon reasonable belief, Defendant owns and operates Philippe and employed in its restaurant, servers, bussers, food runners, bartenders, and other workers, all of whom are covered by and not exempt from the minimum-wage and overtime-compensation requirements of the FLSA.

13. At all times material to this Complaint, the Plaintiffs were employees who worked in the Defendant's restaurant, Philippe, in Miami Beach, which is located in the Southern District of Florida in Miami-Dade County, in the capacities of servers, bussers, food runners, bartenders, and other hourly workers.

14. The additional persons who may become plaintiffs in this action are other current employees or former employees of the Defendant who were paid by the hour, including but not limited

to servers, bussers, food runners, bartenders, and other hourly workers at Defendant's location in Miami-Dade County Florida.

## CERTIFICATION OF CLASS

15. Plaintiffs bring this action as a class action Under Rules 23(a), (b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of itself and all other similarly situated. The "Class" is defined as:

> (a) All persons who have suffered damages as a result of Defendant failing to keep accurate records of the actual hours worked by the Plaintiffs and other similarly situated persons by means including the systematic "shaving" of reported work hours, not reporting work hours, and falsification of time records; (b) failing to pay minimum wage required by law for work performed by the Plaintiffs and other similarly situated employees, including failing to pay the minimum wage for time spent in mandatory training sessions; (c) failing to pay compensation at the rate of one and on-half times the regular rate for hours worked in excess of forty (40) hours each work week; (d) requiring tipped employees, including servers, to pay a portion of their tip income each night to salaried management; (e) requiring tipped employees to personally pay for the wrongly ordered, misallocated, destroyed food or instances of a missing credit card slip(s) and/or walkouts; and (f) violation the FLSA tip pool participation/allocation and tip pool credit.

16. The job requirements and pay provisions of other potential class members is identical to the instant set of Plaintiffs in that Defendant paid all tipped employees at the same rate regardless of their position in the Restaurant.

17. Upon information and belief, the putative Class is so numerous that joinder of all members is impracticable. Given the amount of individuals and the damages they are likely to have suffered, the members of the Class are too numerous and the individual amounts in controversy are to minimal to bring individual claims such that joinder of all class members would be impracticable. While the exact number of putative Class members is unknown to

Plaintiffs at this time, Plaintiffs believe that their identities can be readily ascertained from Defendant's records.

18. Plaintiffs' claims are typical of the claims of the other members of the putative Class. Plaintiffs and all members of the putative Class suffered damages and continue to suffer damages that include lost hourly wages, overtime, and tip income as a direct result of the Defendant.

19. Plaintiffs will fairly and adequately protect the interests of the members of the putative Class and has retained counsel competent and experienced in FLSA and Florida Constitutional Rights litigation. If the need arises, Plaintiff's counsel will retain additional counsel in Florida.

20. Common questions of law and fact exist as to all members of the putative Class that predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the putative Class are:

   a. Whether Defendant failed to pay Plaintiffs the minimum hourly wage for all hours worked.

   b. Whether Defendant failed to pay Plaintiffs the proper hourly wage for overtime.

   c. Whether Defendant failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours in a calendar week.

   d. Whether Defendant required tipped employees, including servers, to pay a portion of their tip income each night to salaried management and other restaurant employees in violation of the FLSA.

    e.    Whether Defendant required tipped employees to personally pay for the wrongly ordered, misallocated, destroyed food or instances of a missing credit card slip(s) and/or walkouts in violation of the FLSA and Florida Statutes.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy as joinder of all putative Class members is impracticable. The prosecution of separate actions by individual members of the putative Class would impose heavy burdens upon the courts and Defendant, and would create a risk of inconsistent or varying adjudications of law and fact common to the Class. A class action, on the other hand, would achieve substantial economies of time, effort and expense and would assure uniformity of decision as to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results.

WHEREFORE Plaintiff asks to have this honorable court certify the class or in the alternative certify a collective action.

## Count I. VIOLATIONS OF FLSA

22. Plaintiff re-alleges and incorporates paragraphs 1-14, supra, as if fully set out herein.
23. Defendant violated the provisions of the FLSA by engaging in unlawful practices including but not limited to the following:

    (a) failing to keep accurate records of the actual hours worked by the Plaintiffs and other similarly situated persons by means including the systematic "shaving" of reported work hours, not reporting work hours, and falsification of time and/or work records i.e. shift pay;

  (b) failing to pay minimum wage required by law for work performed by the Plaintiffs and other similarly situated employees, including failing to pay the minimum wage for time spent in mandatory training sessions;

  (c) failing to pay compensation at the rate of one and on-half times the regular rate for hours worked in excess of forty (40) hours each work week;

  (d) requiring tipped employees, including servers, to pay for the wrongly ordered, misallocated, destroyed food or instances of a missing credit card slip(s) and/or walkouts of themselves or of others.

  (e) allowing unauthorized kitchen staff, managers, assistant managers to participate in the tip pool thus depriving servers, bartenders, bussers, and food runners of income from tips.

24. The Defendant's officers, managers, supervisory employees and/or agents acted knowingly and in willful disregard of the FLSA in committing these actions.

25. As a result of these actions, the Plaintiffs and other persons similarly situated to them were denied compensation at the rate required by law.

26. The Plaintiffs have engaged the services of the undersigned counsel and have agreed to pay reasonable attorneys fees and related costs for these services.

WHEREFORE, the Plaintiffs have suffered damages and demand, on their own behalf and on behalf of all persons similarly situated to them, judgment against Defendant for unpaid minimum-wage compensation, unpaid overtime compensation, liquidated damages, costs, attorney fees, and such other relief as the Court deems appropriate.

## COUNT II. FLSA TIP POOL VIOLATIONS

27. Plaintiff re-alleges and incorporates paragraphs 1-14, supra, as if fully set out herein.

28. The Defendant's officers, managers, supervisory employees and/or agents acted knowingly and in willful disregard of the FLSA in committing these actions.

29. The act of defrauding and/or converting Plaintiffs' tips for purposes other than to compensate tip pool employees was accomplished through the standards, practices and procedures used to operate and manage the Restaurant in Miami-Dade Florida.

30. Defendant allowed/required non-tipped employees such as managers, expeditors and other kitchen staff (BOH) to participate in the tip pool.

31. Plaintiffs and Collective Plaintiff have suffered damages as a result of the acts performed through the standards, practices and procedures of Defendant in violation of the FLSA as to tip pool participation of non-authorized employees.

32. As a result of Defendant's unlawful misappropriation of tips from the tip pool, Defendant loses the benefit of the "tip credit" towards the minimum wage for tipped employees given to restaurants that follow the laws regarding distribution of all gratuities to their employees with respect to each employee who participated in the tip pool.

33. Defendant is liable to each Plaintiff and Collective Plaintiff for the difference between the then applicable minimum wage and the then applicable amount of the tip credit and liquidated damages.

WHEREFORE, the Plaintiffs have suffered damages and demand, on their own behalf and on behalf of all persons similarly situated to them, judgment against Defendant for FLSA tip pool violations and the loss of tip money income and such other relief as the Court deems appropriate.

## COUT III. RETALIATION

34. Plaintiff re-alleges and incorporates paragraphs 1-14, supra, as if fully set out herein.

35. Plaintiff Dillion Weeraman was an employee and employed by Philippe.

36. On or about February 27th, 2009, Mr. Weeraman, while at work at Philippe, was told by agent of defendant Aris Nanos that since he was a plaintiff in this lawsuit that he could no longer work at Restaurant.

37. Defendant has violated 29 U.S.C. § 215(A)(3) by making Mr. Weeraman chose between his continued employment at Restaurant or being a plaintiff in this suit.

38. Mr. Weeraman told Aris that it was his right to sue the restaurant for unpaid wages and other claims under Federal and State laws and he refused to withdraw from exercising those rights.

39. Mr. Weeraman was then fired from his position as a server at Restaurant due to his participation as a plaintiff to this action.

## DEMAND FOR JURY TITLE

The Plaintiffs demand a trial by jury of all issues so triable.

DATED this 16th day of July, 2009.

                                     s/Lowell J. Kuvin
                              _____
                              Lowell J. Kuvin
                              Attorney for Plaintiffs
                              (FL Bar No.:053072)
                              lowell@kuvinlaw.com
                              Law Office of Lowell J. Kuvin, LLC.
                              22 NE 1st Avenue, Suite 201
                              Miami, Florida  33132
                              Telephone:   305.358.6800
                              Facsimile:    305.358.6808